# In the United States District Court
# For the Middle District of Pennsylvania

| | |
|---|---|
| John Thorpe, | ) |
|                Plaintiff, | ) |
| | ) No. |
|     - VS. - | ) |
| | ) |
| Borough of Jim Thorpe, Pennsylvania, | ) |
| Serve:        Mayor Michael Sofranko | ) |
|            101 E 10th Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Michael Sofranko, | ) |
| Serve at:    101 E 10th Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Ronald Confer, | ) |
| Serve at:    308 Center Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| John McGuire, | ) |
| Serve at:    101 E 10th Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Joseph Marzen, | ) |
| Serve at:    101 E 10th Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| W. Todd Mason, | ) |
| Serve at:    101 E 10th Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Jeremy Melber, | ) |
| Serve at:    625 South Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Justin Yaich, | ) |
| Serve at:    101 E 10th Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Joseph Krebs, | ) |
| Serve at:    814 North Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Greg Strubinger, | ) |
| Serve at:    101 E 10th Street | ) |
|            Jim Thorpe, Pa 18229 | ) |
| Kyle Sheckler, | ) |

| | |
|---|---|
| Serve at:     101 E 10th Street | ) |
|                       Jim Thorpe, Pa 18229 | ) |
| Joanne Klitsch, | ) |
| Serve at:     101 E 10th Street | ) |
|                       Jim Thorpe, Pa 18229 | ) |
| | ) |
|                        Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, John Thorpe and for his complaint, alleges as follows:

## Preliminary Statement

1) This is an action for injunctive relief, declaratory judgment, and for a judgment of damages pursuant to 42 U.S.C. § 1983 and the Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001-3013. Plaintiff asks this Court for an order prohibiting the defendants from further actions, or omissions, which violate federal law protecting Native American remains; a declaratory judgment that the defendants are a museum, as defined by 25 U.S.C. §§ 3001-3013 and are in violation of provisions of NAGPRA by not compiling, completing and filing the required inventories; and damages under 25 U.S.C. § 1983 for compensation for damages arising out of procedural violations of NAGPRA since 1990. Plaintiff also seeks judgment against the defendants for costs of this action, including reasonable attorneys fees and expert witness fees authorized by 25 U.S.C. § 1983, and 25 U.S.C. § 1988.

2

Plaintiff is the son, (lineal descendant) of James F. Thorpe ("Jim Thorpe"), a Native American of Sac and Fox lineage whose remains are under the possession and/or control of the Defendants. Defendants have violated NAGPRA as they have refused to and have failed to consult in the compilation of an inventory of Native American human remains of which they have possession of or control over. Defendants have failed and continue to fail to repatriate those remains to Plaintiff in accordance with NAGPRA. Defendants are not in compliance with the inventory requirements of NAGPRA and have failed to publish such an inventory with the National Park Service as required by NAGPRA since at least 1993.

2) Defendants' persistent and willful failure to adhere to the dictates of NAGPRA, amount to the substantial infringement on and impairment of rights of substance and procedure secured to Plaintiff under the laws of the United States, namely those under NAGPRA. Plaintiff thus brings an action, against the named Defendants pursuant to 42 U.S.C. § 1983 seeking an injunction against present and future violations, and seeking monetary damages, punitive damages and attorneys fees as compensation for violations in the past.

3) The Defendants owe duties to the Plaintiff as mandated by NAGPRA, 25 U.S.C. § 3001-3013, and 43 C.F.R. part 10. The Defendants have breached their duties to the Plaintiff in the following ways:

a) The Defendants have failed to consult with the Plaintiff before making an inventory as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9 (b)(2)

b) The Defendants have failed to construct an inventory as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9(f)

c) The Defendants have failed to consult with Plaintiff prior to determining cultural affiliation as required by NAGPRA, 25 U.S.C. § 3004 and 43 C.F.R. § 10.9 (b) (2).

d) The Defendants have failed to consult with Plaintiff in making the inventory as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9.

e) The Defendants have failed to request information from the Plaintiff during the inventory process as required by NAGPRA, 43 C.F.R. § 10.9 (b) (4).

f) The Defendants have failed to initiate consultation with the Plaintiff as required by NAGPRA, 43 C.F.R. § 10.9 (b) (2).

g) The Defendants have failed to send Notice of Inventory Completion to the Secretary of the Interior / Departmental Consulting Archaeologist as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9 (e)(4).

h) The Defendants have failed to complete their inventory by November 16, 1995 as required by NAGPRA, 25 U.S.C. § 3003 (d) and 43 C.F.R. § 10.9 (f).

i) The Defendants have failed to include in the inventory the information required by 43 C.F.R. § 10.9 (c), including but not limited to the results from consultation as required by NAGPRA.

j) The Defendants have failed, after consultation and filing of an inventory, in repatriating culturally affiliated remains to the Plaintiff as required by NAGPRA, 25 U.S.C. § 3005 and 43 C.F.R. § 10.10 (b).

k) The Defendants have failed, after consultation and filing of an inventory, to allow the Plaintiff an opportunity to request repatriation of remains and items he can show are affiliated with him, 25 U.S.C. § 3005 and 43 C.F.R. § 10.10.

## PARTIES

4) Plaintiff, John Thorpe is the son, and lineal descendant, of James F. Thorpe ("Jim Thorpe") and a member of the Sac and Fox Nation of Oklahoma.

5) Defendant Borough of Jim Thorpe Pennsylvania is a borough within Carbon County, Pennsylvania.

6) Defendant Michael Sofranko was at all times herein mentioned, the Mayor of the Borough of Jim Thorpe Pennsylvania.

a) Defendant Sofranko is and was at all times relevant to this action, acting under color of state law.

b) Defendant Sofranko is being sued in his individual capacity.

7) Defendant Ronald Confer was at all times herein mentioned prior to January 2010, the Mayor of the Borough of Jim Thorpe Pennsylvania.
   a) Defendant Confer is and was at all times relevant to this action, acting under color of state law.
   b) Defendant Confer is being sued in his individual capacity.

8) Defendant John McGuire is and was at all times herein mentioned, the President of the Borough Council for the Borough of Jim Thorpe Pennsylvania.
   a) Defendant McGuire is and was at all times relevant to this action, acting under color of state law.
   b) Defendant McGuire is being sued in his individual capacity.

9) Defendant Joseph Marzen is and was at all times herein mentioned a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.
   a) Defendant Marzen is and was at all times relevant to this action, acting under color of state law.
   b) Defendant Marzen is being sued in his individual capacity.

10) Defendant W. Todd Mason is and was at all times herein mentioned, a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.
    a) Defendant Mason is and was at all times relevant to this action, acting under color of state law.
    b) Defendant Mason is being sued in his individual capacity.

11) Defendant Jeremy Melber is and was at all times herein mentioned prior to January 2010, a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.

   a) Defendant Melber is and was at all times relevant to this action, acting under color of state law.

   b) Defendant Melber is being sued in his individual capacity.

12) Defendant Justin Yaich is and was at all times herein mentioned a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.

   a) Defendant Yaich is and was at all times relevant to this action, acting under color of state law.

   b) Defendant Yaich is being sued in his individual capacity.

13) Defendant Joseph Krebs is and was at all times herein mentioned prior to January 2010, a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.

   a) Defendant Krebs is and was at all times relevant to this action, acting under color of state law.

   b) Defendant Krebs is being sued in his individual capacity.

14) Defendant Greg Strubinger is and was at all times herein mentioned a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.

a) Defendant Strubinger is and was at all times relevant to this action, acting under color of state law.

b) Defendant Strubinger is being sued in his individual capacity.

15) Defendant Kyle Sheckler is and was at all times herein mentioned a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.

a) Defendant Sheckler is and was at all times relevant to this action, acting under color of state law.

b) Defendant Sheckler is being sued in his individual capacity.

16) Defendant Joanne Klitsch is and was at all times herein mentioned a member of the Borough Council for the Borough of Jim Thorpe Pennsylvania.

a) Defendant Klitsch is and was at all times relevant to this action, acting under color of state law.

b) Defendant Klitsch is being sued in her individual capacity.

## **JURISDICTION AND VENUE**

17) This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

18) This court also has jurisdiction under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1343 (a)(4), as well as pursuant to 25 U.S.C. § 3013 which grants the Court jurisdiction over any alleged violation of NAGPRA. There is a present and actual controversy between the parties.

19) Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which the unrepatriated remains of Jim Thorpe are situated.

## COUNT I:
## Violation of Plaintiff's Rights under NAGPRA
## (25 U.S.C. §§ 3001 - 3013) pursuant to 42 U.S.C. § 1983

20) Plaintiffs re-allege paragraphs 1-19.

21) Jim Thorpe was Native American.

22) Jim Thorpe was of Sac and Fox lineage.

23) Jim Thorpe was a member of the Sac and Fox Nation.

24) Plaintiff John Thorpe is the son of Jim Thorpe.

25) Plaintiff as a son is a lineal descendant of Jim Thorpe.

26) The Borough of Jim Thorpe receives funding from the State of Pennsylvania.

27) The Borough of Jim Thorpe receives federal funding.

28) The Borough of Jim Thorpe has a legal interest in the remains of Jim Thorpe.

29) The Borough of Jim Thorpe exercises control over the remains of Jim Thorpe.

30) The Borough of Jim Thorpe possesses the remains of Jim Thorpe.

31) The Borough of Jim Thorpe is a museum as that term is defined under NAGPRA.

32) The Borough of Jim Thorpe is a museum for the purposes of NAGPRA.

33) The individual defendants are agents of The Borough of Jim Thorpe.

34) The individual defendants have each acted under color of state law in their roles as agents of The Borough of Jim Thorpe.

35) The individual defendants have each acted outside their official capacity under color of state law in their roles as agents of The Borough of Jim Thorpe.

36) Defendants have not and are not presently notifying or consulting with the descendents of Jim Thorpe as required by NAGPRA and by regulations of the Department of the Interior, 43 C.F.R. § 10.9.

37) Defendants have not filed an inventory as required by 25 U.S.C. § 3003.

38) Defendants have not consulted with the descendants of Jim Thorpe regarding the disposition of Jim Thorpe.

39) Defendants have not repatriated the remains of Jim Thorpe to the descendents of Jim Thorpe.

40) Defendants have failed to repatriate to the descendents of Jim Thorpe the remains of Jim Thorpe.

41) Defendants have failed to repatriate to the descendents of Jim Thorpe the remains of Jim Thorpe as required by NAGPRA 25 U.S.C. § 3005.

42) Because of Defendants' failure to consult in the compilation of the inventory required by NAGPRA 25 U.S.C. § 3003, and their failure to consult with or provide notification to the descendents of Jim Thorpe of their possession and

control of Jim Thorpe as required by NAGPRA, the descendants of Jim Thorpe have been deprived of their right to request repatriation of Jim Thorpe pursuant to NAGPRA 25 U.S.C. § 3005.

43) Plaintiff alleges that he has suffered actual, procedural and substantive injuries in fact and under law.

44) The Plaintiff's injuries were directly occasioned by the acts and omissions of the individuals named as Defendants, and would be redressable by the judicial award of the relief requested herein.

45) Plaintiff's rights were clearly established of which a reasonable person would have known.

46) Defendants were deliberately indifferent to the rights of the Plaintiff.

47) Defendants' conduct was reckless or callously indifferent to the federally protected rights of the Plaintiff.

48) Defendants knowingly, intentionally and willfully deprived Plaintiff of rights, accorded under NAGPRA, to notification, consultation, and repatriation.

49) Due to the defendants repeated refusal to comply with NAGPRA the Defendants have caused the plaintiffs to suffer the costs of this action, including reasonable attorney fees and expert witness fees.

# **PRAYER**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

1) A permanent injunction a) enjoining the Defendants from disposing of the remains of Jim Thorpe to any entities other than the lineal descendants, namely the Plaintiff in this case; b) appointing a receiver trained in the inventory, preservation and protection of human remains, funerary objects and other cultural items subject to NAGPRA to compile in consultation with the Plaintiff the required inventory pursuant to 25 U.S.C. § 3003; c) ordering the repatriation of the remains of Jim Thorpe to the Plaintiff in accordance with 25 U.S.C. § 3005; and d) ordering any costs associated with the repatriation, any subsequent disinterment, transportation and reinterment related to said repatriation, be paid by the Defendants;

2) Declaratory judgment that the Borough of Jim Thorpe is a museum as defined by NAGPRA, that as a museum is in violation of the requirements of NAGPRA and that Plaintiff has right of possession to the remains of Jim Thorpe in accordance with NAGPRA;

3) Judgment against Defendants in an amount to be determined at trial, in favor of Plaintiff, constituting compensatory and punitive damages for impairment of

the rights secured to the Plaintiff by NAGPRA and the federal regulations for NAGPRA;

4) Judgment against Defendants in an amount to be determined at trial, for costs of this action and attorney fees pursuant to 42 U.S.C. § 1988; and

5) Such further relief as the Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY**

Respectfully Submitted,

Sean W. Pickett & Associates, LLC

By: /s/ R. Travis Willingham
R. Travis Willingham  #56756 (Missouri)
Sean W. Pickett  #46065
405 East 13th Street, Suite 300
Kansas City, Missouri 64106
Telephone:   (816) 472-1600
Facsimile:    (816) 472-0200
rtw@kclawoffice.com
LEAD COUNSEL FOR PLAINTIFF


Riddle Patent Law, LLC

By: /s/ Charles L. Riddle
Charles L. Riddle  # 89255
434 Lackawanna Ave., Suite 200
Scranton, PA 10503
Telephone:   (570) 344-4439
Facsimile:    (570) 300-1606
charles@charleslriddle.com
COUNSEL FOR PLAINTIFF