# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN THORPE, RICHARD THORPE, WILLIAM THORPE, and the SAC AND FOX NATION OF OKLAHOMA, | CIVIL ACTION NO. 3:10-CV-01317 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| BOROUGH OF JIM THORPE,  MICHAEL SOFRANKO, RONALD CONFER, JOHN MCGUIRE, JOSEPH MARZEN, W. TODD MASON, JEREMY MELBER, JUSTIN YAICH, JOSEPH KREBS, GREG STRUBINGER, KYLE SHECKLER, and JOANNA KLITSCH, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court are Defendants' Motions to Dismiss the Amended Complaint, Motions to Dismiss Pursuant to Rule 25, and Plaintiffs' Motion for Leave to File Second Amended Complaint.  Plaintiffs state a claim under the Native American Graves Protection and Repatriation Act and no further parties are necessary to the action, so Defendants' motion to dismiss will be denied in part.  But because Plaintiffs fail to state a claim under 42 U.S.C. § 1983 or the Equal Access to Justice Act, Defendants' motions to dismiss will be granted in part.  Further, since no statement noting death has been served, a motion for substitution is not yet required, so Defendants' motions to dismiss pursuant to Rule 25 will be denied.  Finally, because leave to amend should be granted freely, Plaintiffs' motion to amend will be granted.

1

## I. Background

**A. Factual History**

The facts as alleged in the Plaintiffs' Amended Complaint are as follows:

Jim Thorpe was a famous athlete, an enrolled member of the Sac and Fox Indian tribe, and an advocate for the rights of Indian people. Upon Jim Thorpe's death in 1953, his remains were taken to Shawnee, Oklahoma, for burial near his birthplace. Before the completion of the traditional Sac and Fox memorial service, Jim Thorpe's third wife ordered that his casket be removed. She proceeded to "shop around" his remains until a deal was made to bury them in the Boroughs of East Mauch Chunk and Mauch Chunk, Pennsylvania. The boroughs then consolidated under one new name, "Borough of Jim Thorpe." The agreement between the Borough and Jim Thorpe's widow stated that she would not "remove or cause to be removed the body of her said husband, Jim Thorpe, from the confines" of the Borough, "so long as the boroughs of East Mauch Chunk and Mauch Chunk . . . are officially known and designated as 'Jim Thorpe.'" Although Jim Thorpe is never known to have visited the town, the Borough hoped that the erection of a monument in Jim Thorpe's honor would attract tourists.

Plaintiffs John Thorpe, Richard Thorpe, and William Thorpe are the sons of Jim Thorpe. The Defendants are the Borough of Jim Thorpe as well as the former and current mayor of the Borough and former and current Borough Council members. The Thorpe brothers have repeatedly asked the Borough to repatriate their father's remains so that they can bury him within his tribal homeland in Oklahoma, but the Borough has refused. Now the brothers, along with the Plaintiff Sac and Fox Indian Nation, allege that the Defendants have violated the Native American Graves Protection and

Repatriation Act ("NAGPRA"), 25 U.S.C. §§ 3001 to 3013.  In particular, they claim that the Defendants have failed to consult with the direct lineal descendants of Jim Thorpe and/or with the Sac and Fox Nation in the compilation of an inventory of American Indian human remains.  They also claim that the Defendants have failed to repatriate Jim Thorpe's remains to either the direct lineal descendants of Thorpe or to the Sac and Fox Nation.

**B. Procedural History**

Plaintiff John Thorpe filed a complaint against the Defendants on June 24, 2010. Defendants moved to dismiss the complaint on August 23, 2010; the motion was granted in part and denied in part in an order issued February 4, 2011.  John Thorpe's claim under § 1983 was dismissed, but he was allowed to proceed with his claim under NAGPRA.  Further, the Plaintiff was ordered to join all necessary parties in an amended complaint or to submit evidence and briefing showing that joinder of any or all of the necessary parties was not feasible and that the action could proceed in "equity and good conscience" under Rule 19(b).

On February 22, 2011, John Thorpe died, and the proceedings were stayed for sixty-seven days.  Counsel for John Thorpe filed an amended complaint on May 2, 2011, adding as Plaintiffs Richard and William Thorpe, the sole surviving sons of Jim Thorpe, and the Sac and Fox Nation. Defendant Borough filed a motion to dismiss the amended complaint on May 20, 2011, and then another motion to dismiss on other grounds on June 16, 2011.  The individual Defendants filed a motion to dismiss the amended complaint on May 20, 2011, and then another motion to dismiss on other grounds on June 22, 2011.  The motions have been fully briefed and are ripe for disposition.

3

## II. Discussion

**A. Substitution Under Rule 25**

As a threshold matter, Defendants argue that the action must be dismissed for a failure to substitute a party under Federal Rule of Civil Procedure 25(a)(1). That rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, John Thorpe died on February 22, 2011. No party–including the Defendants–has filed a motion for substitution. Thus, because ninety days have passed, Defendants argue that the action must be dismissed.

But because there has been no "service of a statement noting the death," dismissal is not appropriate. Rule 25(a)(1) states that the ninety-day limitations period on filing a motion to substitute begins to run "after service of a statement noting the death." The notes to Rule 25 explain that a "service of a statement noting the death" means "a suggestion of death upon the record," and the Third Circuit has also adopted this interpretation. *See McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994) (citing Charles Wright et al., *Federal Practice and Procedure* § 1955 (2d ed. 1986)). A mere reference in a pleading to a party's death is not sufficient to trigger the time limit, *Younts v. Fremont Cnty.*, 370 F.3d 748, 752 (2004) (finding no suggestion of death where the plaintiff's death was referenced in a brief for summary judgment); *Taylor v. Plousis,* 101 F. Supp. 2d 255, 257 n.1 (D.N.J. 2000) (no suggestion of death where defendant's death was mentioned in an opposition brief), and the parties' actual

4

knowledge of the death is immaterial, *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1034 (10th Cir. 1974); *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 699 (D.N.J. 1996).  Here, Plaintiffs' counsel mentioned John Thorpe's death in a motion to stay the proceedings, but no formal suggestion of his death has been filed on the record. Without the filing of the suggestion, the ninety-day time period has not begun to run. Therefore, Defendants' motion to dismiss the action pursuant to Rule 25 will be denied.

Further, Defendants err in their argument that dismissal of the entire action would be required based on a failure to substitute one party.  The plain language of Rule 25(a)(1) states that failure to file a timely motion for substitution will result in the dismissal of "the action by or against the decedent."  Thus, even if there had been a suggestion of death on the record, it would only be appropriate to dismiss the decedent John Thorpe's claims; the claims by the other Plaintiffs would survive.  Defendants argue that the newly added Plaintiffs are "interlopers" on the complaint, claiming that John Thorpe's counsel had no authority to join them on the amended complaint because John Thorpe had already died.  This objection, however, mischaracterizes the situation. Plaintiffs Richard and William Thorpe are John Thorpe's brothers.  Plaintiff's motion to stay the proceedings after John Thorpe's death indicated that joinder of the Sac and Fox Nation was in progress at the time of John Thorpe's death.  And all three newly added Plaintiffs have a legitimate claim to the remains of Jim Thorpe.  Thus, these newly added Plaintiffs are not interlopers, and their joinder was proper.

**B. Party Joinder Under Rule 19**

Defendants additionally move for dismissal of the action based on a failure to join necessary parties.  Under Federal Rule of Civil Procedure 19(a)(1)(B), a party is

5

necessary if:

> that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[1]

In my February 4, 2011 order, I determined that the lineal descendants of Jim Thorpe and the Sac and Fox Nation were both necessary parties under Rule 19(a)(1)(B)(i) because they have an interest in Jim Thorpe's remains and would need to be parties to any repatriation in order to protect that interest. *Thorpe v. Borough of Jim Thorpe*, No.3:10-cv-1317, slip op. at 27 (M.D. Pa. Feb. 4, 2011) (Doc. 22).

Plaintiffs seek an injunction ordering the Defendants to follow the procedures mandated by NAGPRA. To comply with the injunction, Defendants would first need to compile an inventory of all Native American human remains in their possession or control and then identify the geographical and cultural affiliation of all human remains. 25 U.S.C. § 3003(a). As part of the inventory and identification processes, Defendants would be required to consult with lineal descendants of any individuals whose remains are included on the inventory and Indian tribe officials and traditional leaders that are culturally affiliated with the remains. 43 C.F.R. § 10.9(b)(1). Defendants would then

---

[1] Additionally, Rule 19(a)(1)(A) states that a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." As I noted in the February 4 order, however, there are no concerns about complete relief in this case. *See Thorpe v. Borough of Jim Thorpe*, No.3:10-cv-1317, slip op. at 27 (M.D. Pa. Feb. 4, 2011) (Doc. 22).

6

need to give notice to all tribes affiliated with the human remains. *Id.* § 3003(d)(1). These steps do not implicate any Rule 19(a)(1) concerns, as there would be no transfer of the remains. Thus, my previous order focused on the potential impairment to other parties' rights at the next possible step under NAGPRA: repatriation.

Upon further review of the repatriation procedure, however, I now determine that Jim Thorpe's lineal descendants and affiliated tribes are not necessary parties to this action under Rule 19(a)(1)(B)(i). In my previous order, I stated that "[i]f the defendants are ordered to repatriate Jim Thorpe's remains to the plaintiff, the tribe and other lineal descendants will be unable to protect their interests" in the remains. *Thorpe*, slip op. at 27. Plaintiffs since have clarified that they do not seek to enjoin the Defendants to return the remains directly to them, but rather to comply with the NAGPRA procedures about repatriation.[2] NAGPRA dictates that upon request, a museum must repatriate human remains to the lineal descendant or Indian nation that is affiliated with the remains. 43 C.F.R. § 10.10(b)(1). Because the Defendants would have consulted with all tribes and lineal descendants as part of compliance with 43 C.F.R. § 10.9(b)(1), those parties would all have notice and opportunity to make their own repatriation requests to the Defendants. Thus, their interests will not be impaired or impeded by their absence in this action and they are not necessary under Rule 19(a)(1)(B)(i).

---

[2] In fact, Plaintiffs' amended complaint specifically requests that the Court order that Defendants "must comply with requirements of NAGPRA, and that under such requirements the remains of Jim Thorpe must be repatriated to *either* the surviving, direct lineal heirs of Jim Thorpe *or* to the Nation." Am. Compl. ¶ 42, May 2, 2011, Doc. 32 (emphasis added). This language demonstrates that the appropriate recipient of the remains will not be determined by the Court, but rather the NAGPRA repatriation procedure.

Further, neither Jim Thorpe's lineal descendants nor his affiliated tribes are necessary parties under Rule 19(a)(1)(B)(ii).  Defendants argue that without the joinder of these parties, they may be subject to a double, multiple, or inconsistent obligations. This claim is erroneous, given that NAGPRA states that after repatriation of human remains to a party, all claims by any other party are "irrevocably waived," 43 C.F.R. § 10.15.  Under this regulation, if the Defendants repatriated the item to the Plaintiffs, no additional lineal descendants or tribes would have a claim against the Defendants. Additionally, NAGPRA dictates the appropriate procedure for if additional lineal descendants or tribes made competing claims against the Defendants prior to any repatriation.  If a museum "cannot clearly determine which requesting party is the most appropriate claimant," it must retain the item until the parties agree on its disposition or the dispute is otherwise resolved according to the statute.  25 U.S.C. § 3005(e). NAGPRA dictates that dispute resolution should first be attempted via informal negotiations, but there is also a Review Committee that will facilitate the resolution of disputes under the statute.  43. C.F.R. § 10.17.  Thus, if a dispute arose between the Plaintiffs and other lineal descendants or tribes, the Defendants would simply retain the remains until all lineal descendants and tribes have reached a decision through a Review Committee negotiation or even through litigation.  By allowing the Defendants to retain the remains until all disputes are resolved, NAGPRA ensures that they will never be subject to double, multiple, or inconsistent obligations.  Therefore, Jim Thorpe's other lineal descendants and tribes are not necessary parties under Rule 19(a)(1)(B)(ii). Because joinder of additional parties is not necessary, Defendants' motion to dismiss on these grounds will be denied.

**C. Failure to State a Claim Under NAGPRA**

    **1. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.*

### 2. Defendants' Arguments

Defendants argue that Plaintiffs fail to state a claim under NAGPRA for two reasons. First, they assert that the Borough is not a museum as defined by the Act. Alternatively, they argue that repatriation is inappropriate under NAGPRA because they have a right of possession to the remains.

Defendants' motions will be denied because I addressed both of these issues in the February 4 order. In that order, I held that the complaint properly alleged that the Borough is a museum pursuant to the act. *Thorpe*, slip op. at 20. I also held that whether the Borough has a right of possession is a question of fact that is not properly considered on a motion to dismiss. *Id.* at 23. The amended complaint does not change the allegations or present new allegations that would affect my previous analysis on these issues. Therefore, I will not revisit Defendants' arguments and cannot grant their motions on these grounds.

## D. Section 1983

Defendants move to dismiss the third cause of action in Plaintiffs' amended complaint: a claim under 42 U.S.C. § 1983. Although I previously dismissed this claim in my February 4 order, Plaintiffs repleaded it in their amended complaint in order to preserve the issue for appeal. The Third Circuit has held that plaintiffs may "appeal dismissals despite amended pleadings that omit the dismissed claim *provided* repleading the particular cause of action would have been futile." *United States ex. rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007). Repleading is futile when the dismissal was on the merits–in other words, it was "with prejudice or based on some legal barrier other than want of specificity or particularity." *Id.* (citing *In re Burlingon Coat Factory Sec. Litig.*, 114 F.3d 1410, 1435 (3d Cir. 1997)). Even where

repleading would not be futile, plaintiffs who omit a claim from an amended complaint "can still preserve the claim for appellate review by standing on the dismissed claim despite leaving it out of the amended complaint. *Id.* at 517.

Plaintiffs' § 1983 claim will be dismissed again, and Plaintiffs need not replead it. I held in the February 4 order that NAGPRA forecloses a remedy under § 1983. *Thorpe*, slip op. at 16-19. This constituted a dismissal on the merits, and thus Plaintiffs need not replead in order to preserve the issue for appeal.

## D. EAJA

Plaintiffs' fourth cause of action for attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), will be dismissed, but they will be granted leave to amend. As Defendants point out, the EAJA allows a court to award attorneys fees "in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." *Id.* Because no party in this suit is the United States or an agency or official of the United States, the EAJA is not applicable to this suit. Plaintiffs are aware of the deficiency of this claim and have moved for leave to file an amended complaint. Because Federal Rule of Civil Procedure 15(a) suggests that courts should "freely give leave [to amend] when justice so requires," Plaintiffs' motion will be granted.

**CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss will be denied in part and granted in part, Defendants' motions to dismiss pursuant to Rule 25 will be denied, and Plaintiffs' motion for leave to amend will be granted. An appropriate order follows.


 November 23, 2011                                                  /s/ A. Richard Caputo
Date                                                                          A. Richard Caputo
                                                                                  United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN THORPE, RICHARD THORPE, WILLIAM THORPE, and the SAC AND FOX NATION OF OKLAHOMA,<br><br>　　Plaintiffs,<br><br>　　　v.<br><br>BOROUGH OF JIM THORPE, MICHAEL SOFRANKO, RONALD CONFER, JOHN MCGUIRE, JOSEPH MARZEN, W. TODD MASON, JEREMY MELBER, JUSTIN YAICH, JOSEPH KREBS, GREG STRUBINGER, KYLE SHECKLER, and JOANNA KLITSCH,<br><br>　　Defendants. | CIVIL ACTION NO. 3:10-CV-01317<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this   23rd   day of November, 2011, **IT IS HEREBY ORDERED** that:

1. Defendant Borough of Jim Thorpe's Motion to Dismiss First Amended Complaint (Doc. 34) and the Individual Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 38) is **GRANTED IN PART** as follows:

    a. Plaintiffs' claim under 42 U.S.C. § 1983 is **DISMISSED.**

    b. Plaintiffs' claim under the Equal Access to Justice Act is **DISMISSED.**

2. Defendant Borough of Jim Thorpe's Motion to Dismiss Pursuant to Rule 25 (Doc. 46) and the Individual Defendants' Motion to Dismiss Pursuant to Rule 25 (Doc. 53) is **DENIED.**

3. Plaintiff's Motion for Leave to Amend is **GRANTED.**  Plaintiffs may amend their complaint within **twenty-one (21) days** of this order.

　　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge