**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN THORPE, an individual;** ) | |
| **RICHARD THORPE, an individual;** ) | |
| **WILLIAM THORPE, an individual;** ) | |
| **and the SAC AND FOX NATION,** ) | |
| **OF OKLAHOMA, a federally** ) | |
| **recognized Indian tribe,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 3:10-cv-1317-ARC** |
| ) | **(Judge Caputo)** |
| **BOROUGH OF JIM THORPE,** ) | |
| **PENNSYLVANIA, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**SECOND AMENDED COMPLAINT**

The plaintiffs, John Thorpe, Richard Thorpe, and William Thorpe, all

individuals and members of the Sac and Fox Nation of Oklahoma (the "Nation"), a

federally recognized Indian tribe, as well as the Nation (collectively the

"Plaintiffs"), for their claims for relief allege the following:

**Preliminary Statement**

1.     This is an action to vindicate and enforce the legally recognized rights

of the sons of the world famous Sac and Fox athlete, Jim Thorpe, to have their

father reburied within his tribal homeland.  Jim Thorpe died in 1953, and his

remains, after essentially being shopped to several cities, were buried at a

monument in the Borough of Jim Thorpe, Pennsylvania, as part of a plan to make the gravesite a tourist attraction.  The town, which Jim Thorpe is never known to have visited, has long and steadfastly refused to honor his sons' requests to repatriate their father's remains.

2.      The Plaintiffs, which hold the primary legal rights to determine the disposition of Jim Thorpe's remains, are seeking a judgment pursuant to the Native American Graves Protection and Repatriation Act ("NAGPRA"), 25 U.S.C. §§ 3001 to -13, and associated orders of the Court requiring, *inter alia*, that the Defendants comply with federal law protecting Native American peoples' remains, recognizing the rights of American Indians to control the disposition of their own people's remains, and making clear that American Indian peoples' remains may not be treated or displayed as museum pieces or as tourist attractions.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).  This Court also has jurisdiction over this action pursuant to 25 U.S.C. § 3013, which confers on this Court jurisdiction over any alleged violation of NAGPRA.  There is a present and actual controversy between the parties.

4.      Venue is proper in the Middle District of Pennsylvania pursuant to 28

U.S.C. § 1391(b) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which the unrepatriated remains of Jim Thorpe are situated.

**Parties**

5.     Plaintiff John Thorpe, was the son and a lineal descendant of the famous athlete, and also a member of the Nation.  John Thorpe died on February 22, 2011, during the pendency of this action.

6.     Plaintiff Richard Thorpe is the son and a lineal descendant of Jim Thorpe, and is a member of the Nation and therefore a person of American Indian heritage.

7.     Plaintiff William Thorpe is the son and a lineal descendant of Jim Thorpe, and is a member of the Nation and therefore a person of American Indian heritage.

8.     Plaintiff Sac and Fox Nation of Oklahoma is a federally recognized Indian nation with its seat of government within the Sac and Fox Nation Reservation in the State of Oklahoma.

9.     Defendant Borough of Jim Thorpe (the "Borough") is a borough within Carbon County, State of Pennsylvania.

10.     Defendant Michael Sofranko was, at all times relevant to this action,

the Mayor of the Borough.

11.     Defendant Ronald Confer was at all times herein mentioned prior to January 2010, the Mayor of the Borough.

12.     Defendant John McGuire is and was, at all times relevant to this action, the President of the Borough Council for the Borough.

13.     Defendant Joseph Marzen is and was, at all times relevant to this action, a member of the Borough Council for the Borough.

14.     Defendant W. Todd Mason is and was, at all times relevant to this action, a member of the Borough Council for the Borough.

15.     Defendant Jeremy Melber is and was, at all times herein mentioned prior to January 2010, a member of the Borough Council for the Borough.

16.     Defendant Justin Yaich is and was, at all times relevant to this action, a member of the Borough Council for the Borough.

17.     Defendant Joseph Krebs is and was, at all times herein mentioned prior to January 2010, a member of the Borough Council for the Borough.

18.     Defendant Greg Strubinger is and was, at all times relevant to this action, a member of the Borough Council for the Borough.

19.     Defendant Kyle Sheckler is and was, at all times relevant to this action, a member of the Borough Council for the Borough.

4

20.    Defendant Joanne Klitsch is and was, at all times relevant to this action, a member of the Borough Council for the Borough.

## Background

21.    NAGPRA, which became effective in 1990, provides Native American people with a legal tool to help them prevent the exploitation and commercialization of the remains of their ancestors and elders.  In light of a legacy in the United States of disrespect toward Indian peoples' remains, NAGPRA represented a landmark in a long struggle by Native Americans and tribes to reclaim their rights to control the remains of their people after death.

22.    Jim Thorpe was born on May 28, 1888, in Oklahoma Territory, a descendant of the Thunder Clan of the great Sac and Fox chief, Black Hawk.  He was an enrolled member of the Sac and Fox Nation, and he remained an advocate of the rights of his tribe and of Indian people throughout his life.  Jim Thorpe died on March 28, 1953, and his remains were taken to Shawnee, Oklahoma, for burial near his boyhood home.

23.    At the direction of his third wife, Jim Thorpe's casket was removed from a traditional Sac and Fox memorial service in April 1953.  After being shopped to several cities, the great athlete's remains were offered to the leaders of two coal mining communities, the Boroughs of East Mauch Chunk and Mauch

Chunk, for inclusion in a "public shrine under borough supervision" intended to further the communities' economic development initiatives.  In 1954, residents of the two boroughs approved a consolidation under the new name of the "Borough of Jim Thorpe."

24.     Ultimately, in May 1954, the Borough and Jim Thorpe's widow entered into an agreement under which she would not "remove or cause to be removed the body of her said husband, Jim Thorpe, from the confines" of the Borough, "so long as the boroughs of East Mauch Chunk and Mauch Chunk . . . are officially known and designated as 'Jim Thorpe.'"

25.     John Thorpe, Richard Thorpe, and William Thorpe, were or are, at all times relevant to this action, the sons and sole surviving children of Jim Thorpe. Each are or were members of the Sac and Fox Nation.  Each long have expressed a desire to have their father disinterred and reburied within his Sac and Fox homeland.  In the face of these requests to be permitted to repatriate their father's remains, the Borough repeatedly has refused.

26.     The abrupt removal of Jim Thorpe's body from a Sac and Fox memorial service in 1953, and its ultimate transfer to the Borough through a contract, continues to this day to be viewed by many Sac and Fox people as an injustice against their tribe and against American Indians.

27.     The Borough receives funding from the State of Pennsylvania.

28.     The Borough receives federal funding.

29.     The Borough possesses and exercises control over the remains of Jim

Thorpe.

30.     Despite federal law upholding the right of American Indians and

Indian tribes to control the remains of their people, the Borough has long claimed

that it has a legal interest in the remains of Jim Thorpe, including but not limited to

the legal right to possess and/or own the remains of Jim Thorpe.

31.     Defendants have, despite the requirements of NAGPRA, failed or

refused to consult with the direct lineal descendants of Jim Thorpe and/or with the

Sac and Fox Nation in the compilation of an inventory of American Indian human

remains in their possession and control.  Defendants have failed to publish such an

inventory through the National Park Service, as required by NAGPRA, since at

least 1995.

32.     Defendants have failed and continue to fail to repatriate the remains of

Jim Thorpe to his lineal descendants and/or the Nation in accordance with

NAGPRA.

33.     Frustrated with the refusal of the Borough to acknowledge their rights

as American Indians and under NAGPRA to control the location of the remains of

their father, the surviving sons of Jim Thorpe, and his tribe, the Sac and Fox

Nation, have brought this action.

## FIRST CAUSE OF ACTION
(Violation of Plaintiffs' Rights under NAGPRA,
25 U.S.C. §§ 3001 to -13)

34.     Plaintiffs hereby incorporate the allegations of paragraphs 1 through

33 as though set forth herein.

35.     The Borough is a "museum," as that term is defined under NAGPRA.

36.     Defendants have not notified or consulted with, and are not presently

notifying or consulting with, the direct lineal descendants of Jim Thorpe or the

Nation, as required by NAGPRA and by regulations of the Department of the

Interior, including but not limited to 43 C.F.R. § 10.9.

37.     Defendants have not filed an inventory as required by 25 U.S.C.

§ 3003.

38.     Defendants have failed to repatriate to the descendants of Jim Thorpe

or to the Nation the remains of Jim Thorpe, as required by NAGPRA 25 U.S.C.

§ 3005.

39.     Because of Defendants' failure to consult in the compilation of the

inventory required by NAGPRA, including 25 U.S.C. § 3003, and their failure to

consult with or provide notification to the descendants of Jim Thorpe or to the

Nation of their possession and control of the remains of Jim Thorpe, as required by NAGPRA, the sons of Jim Thorpe and the Nation have been deprived of their right to request repatriation of Jim Thorpe pursuant to NAGPRA, 25 U.S.C. § 3005.

40.   Defendants owe duties to the Plaintiffs, as mandated by NAGPRA, 25 U.S.C. § 3001 to -13, and 43 C.F.R. Part 10.  The Defendants have breached their duties to the Plaintiffs in the following ways, among others:

(a)   the Defendants have failed to consult with the Plaintiffs before making an inventory, as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9(b)(2);

(b)   the Defendants have failed to construct an inventory, as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9(f);

(c)   the Defendants have failed to consult with the Plaintiffs prior to determining cultural affiliation, as required by NAGPRA, 25 U.S.C. § 3004 and 43 C.F.R. § 10.9(b)(2);

(d)   the Defendants have failed to consult with the Plaintiffs in making the inventory, as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9;

(e)   the Defendants have failed to request information from the Plaintiffs during the inventory process, as required by NAGPRA, 43 C.F.R. § 10.9(b)(4);

(f)   the Defendants have failed to initiate consultation with the Plaintiffs,

9

as required by NAGPRA, 43 C.F.R. § 10.9(b)(2);

(g)     the Defendants have failed to send a Notice of Inventory Completion to the Secretary of the Interior, Departmental Consulting Archaeologist, as required by NAGPRA, 25 U.S.C. § 3003 and 43 C.F.R. § 10.9(e)(4);

(h)     the Defendants failed to complete their inventory by November 16, 1995, as required by NAGPRA, 25 U.S.C. § 3003(d) and 43 C.F.R. § 10.9(f);

(i)     the Defendants have failed to include in an inventory the information required by 43 C.F.R. § 10.9(c), including but not limited to the results from consultation as required by NAGPRA;

(j)     the Defendants have failed, after consultation and filing of an inventory, to repatriate culturally affiliated remains to one or more of the Plaintiffs, as required by NAGPRA, 25 U.S.C. § 3005 and 43 C.F.R. § 10.10(b);  and

(k)     the Defendants have failed, after consultation and filing of an inventory, to allow the Plaintiffs an opportunity to request repatriation of remains and items they can show are affiliated with them, *see* 25 U.S.C. § 3005 and 43 C.F.R. § 10.10.

41.     The Borough does not, and cannot, hold legal title to the remains of Jim Thorpe, and has no legal basis for refusing to repatriate the remains that supersedes the Plaintiffs' rights under NAGPRA.

10

42.     Accordingly, the Plaintiffs are entitled, in and through this proceeding, to orders of the Court that the Borough is a "museum" for purposes of NAGPRA and that it must comply with the requirements of NAGPRA, and that under such requirements the remains of Jim Thorpe must be repatriated either to the individual Plaintiffs, the surviving direct, lineal heirs of Jim Thorpe, or to the Nation, as well as other appropriate relief under NAGPRA, including but not limited to injunctive relief to bring the Borough into compliance with applicable law.

### SECOND CAUSE OF ACTION
(Declaratory and Injunctive Relief)

43.     Plaintiffs hereby incorporate the allegations of paragraphs 1 through 42 as though set forth herein.

44.     A live controversy exists among the parties as to the Plaintiffs' rights under NAGPRA, including but not limited to disputes as to whether the Borough is a "museum" for purposes of NAGPRA, as to whether the Borough is required to comply with the requirements under NAGPRA for consultation and for preparation and publication of an inventory, as to whether the Borough may own or have possessory rights in American Indian remains and/or human remains, and as to whether the remains of Jim Thorpe must be repatriated to his surviving lineal heirs, his sons, or to the Nation.

45.     Among other relief, the Plaintiffs seek a declaratory judgment that the Defendants are a "museum" for purposes of 25 U.S.C. §§ 3001 to -13, and are in violation of provisions of NAGPRA by not compiling, completing, and filing the required inventories.

46.     Accordingly, the Plaintiffs are entitled to declaratory judgments hereunder establishing and enforcing their rights under NAGPRA.

## JURY DEMAND

The Plaintiffs hereby demand a jury trial on the issues in this case to the fullest extent permitted at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray that a judgment be entered against Defendants, to include:

(a)     A permanent injunction:  (i) enjoining Defendants from disposing of the remains of Jim Thorpe to any persons or entities other than the individual Plaintiffs herein, who are the surviving, direct lineal heirs of Jim Thorpe, or to the Nation;  (ii) appointing a receiver trained in the inventory, preservation, and protection of human remains, funerary objects, and other associated cultural items subject to NAGPRA, to compile, in consultation with the Plaintiffs, the required inventory pursuant to 25 U.S.C. § 3003;  (iii) ordering the Borough to comply with

the provisions of NAGPRA designed to facilitate repatriation of the remains of Jim Thorpe, first to the individual Plaintiffs and then to the Nation, as necessary, in accordance with 25 U.S.C. § 3005;  and (iv) ordering any costs associated with the repatriation, any subsequent disinterment, transportation, and reinterment related to said repatriation, to be paid by the Defendants;

(b)    A declaratory judgment that the Borough of Jim Thorpe is a "museum," as defined by NAGPRA, and that, as a museum, the Borough is in violation of the requirements of NAGPRA, and that Plaintiffs have right of possession to the remains of Jim Thorpe in accordance with NAGPRA;

(c)    A judgment against Defendants for attorney fees and costs;  and

(d)    Such further relief as the Court deems just and proper.

Respectfully submitted,

 s/ Daniel E. Gomez
Stephen R. Ward, Okla. Bar No. 13610*
Daniel E. Gomez, Okla. Bar No. 22153*
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma  74172-0148
Telephone:  (918) 586-8978
Telecopier:  (918) 586-8698
E-Mail:  sward@cwlaw.com
E-Mail:  dgomez@cwlaw.com

*and*

Charles L. Riddle, Pa. Bar No. 89,255
RIDDLE PATENT LAW, LLC
434 Lackawanna Avenue, Suite 200
Scranton, Pennsylvania  18503
Telephone:  (570) 344-4439
Telecopier:  (570) 300-1606
E-Mail:  Charles@charleslriddle.com

ATTORNEYS FOR THE PLAINTIFFS,
ESTATE OF JOHN THORPE, RICHARD
THORPE, WILLIAM THORPE, AND THE
SAC AND FOX NATION

* *Admitted pro hac vice*.

December 13, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of December, 2011, I electronically transmitted a full, true, and correct copy of the above and foregoing instrument, the "SECOND AMENDED COMPLAINT," to the Clerk of Court using the Electronic Case Filing System (the "ECF System") for filing and transmittal of a Notice of Electronic Filing to the filing following ECF registrants (names only):

Christopher G. Fusco, Esq.
Chad L. Klasna, Esq.
James R. Nanovic, Esq.
Charles L. Riddle, Esq.
William G. Schwab, Esq.
Adam R. Weaver, Esq.
Scot M. Wisler, Esq.

I further hereby certify that on the same date I served the same document by regular United States mail, with proper postage fully prepaid thereon, on the following, who are not registered participants in the ECF:

None

 s/ Daniel E. Gomez
Stephen R. Ward, Okla. Bar No. 13610
Daniel E. Gomez, Okla. Bar No. 22153
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, Oklahoma  74172-0148
Telephone:  (918) 586-8978
Telecopier:  (918) 586-8698
E-Mail:  dgomez@cwlaw.com

15