**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN THORPE, RICHARD THORPE, WILLIAM THORPE, and the SAC and FOX NATION OF OKLAHOMA, | CIVIL ACTION NO. 3:CV-10-1317 (JUDGE CAPUTO) |
| Plaintiffs, | |
| v. | |
| BOROUGH OF JIM THORPE, MICHAEL SOFRANKO, RONALD CONFER, JOHN MCGUIRE, JOSEPH MARZEN, W. TODD MASON, JEREMY MELBER, JUSTIN YAICH, JOSEPH KREBS, GREG STRUBINGER, KYLE SHECKLER, and JOANA KLITSCH, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are Defendant Borough of Jim Thorpe's ("Defendant") Motion to Permissively Allow Lineal Descendants of Decedent to Join in this Matter and Participate with Court Ordered Mediation (Doc. 82) and Defendant's Amended Motion to Permissively Allow Lineal Descendants of Decedent to Join in this Matter and Participate with Court Ordered Mediation. (Doc. 85.) For the reasons that follow, Defendant's motions will be denied.

**I. Discussion**

On May 24, 2012, the above-captioned matter was referred to court-annexed mediation in accordance with Standing Order 04-3, *In Re Authorizing Systematic Random Mandatory Mediation Referrals in Certain Case Types*, (July 26, 2004). (Doc. 79.) Subsequently, on July 9, 2012, Defendant filed a motion requesting that eleven (11) lineal descendants of Jim Thorpe be allowed to join this matter and participate in the mediation. Defendant filed an amended motion on July 20, 2012 requesting that an additional lineal

descendent also be permitted to participate in the mediation. According to Defendant, "in order for the parties and the Mediator to properly attempt a 'global resolution,' the lineal descendants of Jim Thorpe are required to be consulted." (Doc. 85, ¶ 11.) Defendant argues that a Court order permitting the lineal descendants to join the mediation is necessary because "on June 25, 2012, a telephone conference was held between counsel for the respective Parties and the Mediator concerning the procedures to be used at the mediation conference. It was at that time, the counsel for Plaintiffs refused to allow the other eleven (11) lineal descendants of Jim Thorpe to participate in the said mediation." (*Id*. at ¶ 12.)

Plaintiffs oppose Defendant's request to permit additional heirs to participate in the mediation. (Doc. 87.) First, Plaintiffs argue that Defendant improperly breached the confidentiality of the mediation process by disclosing to the Court a matter that should have been addressed by the mediator. (*Id*. at 3-4.) Second, Plaintiff contends that Defendant's motion seeks to relitigate the Court's prior determination that additional parties are not necessary to this litigation. (*Id*. at 7.)

Defendant's motions will be denied. As noted by Plaintiffs, in my November 23, 2011 Memorandum, I concluded:

> Upon further review of the repatriation procedure, however, I now determine that Jim Thorpe's lineal descendants and affiliated tribes are not necessary parties to this action under Rule 19(a)(1)(B)(i). In my previous order, I stated that "[i]f the defendants are ordered to repatriate Jim Thorpe's remains to the plaintiff, the tribe and other lineal descendants will be unable to protect their interests" in the remains. Plaintiffs since have clarified that they do not seek to enjoin the Defendants to return the remains directly to them, but rather to comply with the NAGPRA procedures about repatriation. NAGPRA dictates that upon request, a museum must repatriate human remains to the lineal descendant or Indian nation that is affiliated with the remains. 43 C.F.R. § 10.10(b)(1). Because the Defendants would have consulted with all tribes and lineal descendants as part of compliance with 43 C.F.R. § 10.9(b)(1), those parties would all have notice and opportunity to make their own repatriation requests to the Defendants. Thus, their interests will not be impaired or impeded by their absence in this action and they are not necessary under Rule 19(a)(1)(B)(i).

*Thorpe v. Borough of Thorpe*, No. 10-1317, 2012 WL 5878377, at *4 (M.D. Pa. Nov. 23, 2011).  Defendant's present request essentially seeks to reargue this point and interject non-parties into this case.  For the same reasons that joinder of additional parties to this action is not necessary, the lineal descendants will not be permitted to participate in the mediation process.  Thus, as required by the Local Rules of Court, the "named parties and their counsel" will "attend the mediation session, [and] participate in good faith . . . ." M.D. Pa. Local Rule 16.8.7(a).[1]

## II. Conclusion

For the above stated reasons, Defendants' motion and amended motion to allow non-parties to participate in the mediation process will be denied.

An appropriate order follows.


September 28, 2012                                             /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                           United States District Judge

---

[1] Defendant is also reminded that "all discussions which occur during mediation shall remain strictly confidential and no communication at any mediation session . . . shall be disclosed to any person not involved in the mediation process, and no aspect of the mediation session shall be used by anyone for any reason." M.D. Pa. Local Rule 16.8.6(c).