UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JOHN THORPE, an individual; : <br> RICHARD THORPE, an individual; : <br> WILLIAM THORPE, an individual; : <br> and the SAC AND FOX NATION, : <br> OF OKLAHOMA, a federally : <br> recognized Indian tribe : <br>         Plaintiffs, : <br> : <br> vs. : <br> : <br> BOROUGH OF JIM THORPE, PA, : <br> MICHAEL SOFRANKO, RONALD CONFER, : <br> JOHN McGUIRE, JOSEPH MARZEN, : <br> W. TODD MASON, JEREMY MELBER, : <br> JUSTIN YAICH, JOSEPH KREBS, : <br> GREG STRUBINGER, KYLE SHECKLER : <br> & JOANNE KLITSCH, : <br>         Defendants. : | Case No.: 3:10-cv-01317-ARC <br> (Judge A. Richard Caputo) <br><br> Jury Trial Demanded |

---

**BOROUGH OF JIM THORPE, PA'S MOTION FOR SUMMARY JUDGMENT UNDER THE PROBATE EXCEPTION TO JURISDICTION AND THE DOCTRINE OF LACHES**

---

AND NOW, comes the Defendant, Borough of Jim Thorpe, Pennsylvania, by and through its counsel, William G. Schwab & Associates, in the above captioned matter and moves this Court for Summary Judgment and in support thereof avers as follows:

**PROBATE EXCEPTION TO FEDERAL JURISDICTION**

1. At the time of his death James Francis Thorpe (hereinafter referred to as "Jim Thorpe") was a legal resident of California.

2. Patricia Thorpe was Jim Thorpe's wife at the time of his death.

3. As such, pursuant to California state law at the time of Jim Thorpe's Death gave Patricia Thorpe had the right to control the disposition of the remains of her husband.

4. On or about May 19, 1954 Patricia G. Thorpe, widow of Jim Thorpe, executed an Agreement with the Borough of Jim Thorpe (formerly Borough of East

Mauch Chunk and Borough of Mauch Chunk) agreeing to inter the remains of Jim Thorpe on Borough land in agreement for changing the names and consolidation of the two Boroughs.

5. As Jim Thorpe's widow, Patricia Thorpe had the sole responsibility and right over the disposition of her deceased husband's remains pursuant to California State Law.

6. This Federal Court does not have jurisdiction to hear the matters complained of in the Plaintiffs' complaint under the probate exception to federal jurisdiction.

7. The Brief in Support of the Defendant Borough of Jim Thorpe along with the Statement of Facts and Exhibits thereto are filed simultaneously with this Motion and incorporated herein by reference.

8. Pursuant to F.R.C.P. 56, summary judgment should be granted when there is no genuine dispute as to any material fact and the Movant is entitled to judgment as a matter of law.

9. There are no genuine disputes of facts relevant to the California state probate proceeding precluding this action.

WHEREFORE, under the Probate Exception to Federal Jurisdiction, the Defendant prays that this Honorable dismiss the Plaintiffs' action in federal court.

## DOCTRINE OF LACHES

10. The Native American Graves and Repatriation Act (hereinafter "NAGPRA") became law on or about November 16, 1990.

11. At the time NAGPRA became law, Plaintiffs John Thorpe, Richard Thorpe and William Thorpe had knowledge that Jim Thorpe had been buried in the Borough of Jim Thorpe.

11. At the time NAGPRA became law, Plaintiff Sac and Fox Nation of Oklahoma had knowledge that Jim Thorpe was buried in the Borough of Jim Thorpe.

12. Despite this knowledge, Plaintiffs waited over twenty (20) years after NAGPRA had been passed before bringing forth an action under it.

13. As such, Plaintiffs are barred from bringing forth a cause of action based on NAGPRA under the Doctrine of Laches.

14. The Brief in Support of the Defendant Borough of Jim Thorpe along with the Statement of Facts and Exhibits thereto are filed simultaneously with this Motion and incorporated herein by reference.

15. Pursuant to F.R.C.P. 56, summary judgment should be granted when there is no genuine dispute as to any material fact and the Movant is entitled to judgment as a matter of law.

16. There are no genuine disputes of facts relevant to the Doctrine of Laches barring this action.

WHEREFORE, the Defendant, Jim Thorpe Borough of Pennsylvania, respectfully requests that this Honorable Court grant its Motion for Summary Judgment and dismiss the Plaintiffs' action under the Doctrine of Laches.

Respectfully submitted,

WILLIAM G. SCHWAB & ASSOCIATES

Dated: December 31, 2012     BY:   /s/William G. Schwab
                                    WILLIAM G. SCHWAB, ESQUIRE
                                    Attorney ID #23081
                                    811 Blakeslee Boulevard Drive East
                                    Lehighton, PA 18235
                                    Ph) 610-377-5200
                                    Attorneys for Borough of Jim Thorpe

Dated: December 31, 2012     BY:   /s/Seth E. Miller
                                    SETH E. MILLER, ESQUIRE
                                    Attorney ID #311775
                                    811 Blakeslee Boulevard Drive East
                                    Lehighton, PA 18235
                                    Ph) 610-377-5200
                                    Attorneys for Borough of Jim Thorpe

Dated: December 31, 2012          BY:      /s/Vincent R. Garvey, Jr.
                                           VINCENT R. GARVEY, JR., ESQUIRE
                                           Attorney ID #311775
                                           811 Blakeslee Boulevard Drive East
                                           Lehighton, PA 18235
                                           Ph) 610-377-5200
                                           Attorneys for Borough of Jim Thorpe