UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN THORPE, an individual;
RICHARD THORPE, an individual;
WILLIAM THORPE, an individual;
and the SAC AND FOX NATION,
OF OKLAHOMA, a federally
recognized Indian tribe
          Plaintiffs,

vs.

BOROUGH OF JIM THORPE, PA,
MICHAEL SOFRANKO, RONALD CONFER,
JOHN McGUIRE, JOSEPH MARZEN,
W. TODD MASON, JEREMY MELBER,
JUSTIN YAICH, JOSEPH KREBS,
GREG STRUBINGER, KYLE SHECKLER
& JOANNE KLITSCH,
          Defendants.

Case No.: 3:10-cv-01317-ARC
(Judge A. Richard Caputo)

Jury Trial Demanded

## DEFENDANT BOROUGH OF JIM THORPE'S STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1

And now comes Defendant, Borough of Jim Thorpe, PA, by and through its counsel, William G. Schwab & Associates and presents the following undisputed facts in support of its Motion for Summary Judgment.

1. On or about June 24, 2010, John Thorpe filed the First Complaint against Defendants, including Defendant Borough of Jim Thorpe, PA. (Docket Entry #1).

2. John Thorpe is the son of Jim Thorpe (Pl. Compl. ¶ 1).

3. John Thorpe filed this First Complaint over fifty (50) years after his father had died.

4. John Thorpe died February 22, 2011, (Motion to Stay, Para 4, Docket Entry #24).

5. On or about May 2, 2011, a First Amended Complaint was filed without leave of court per FRCP Rule 25 in which Richard Thorpe, William Thorpe and the Sac and Fox Nation of Oklahoma were all added as Plaintiffs under this First Amended Complaint (Docket Entry #32).

6. Plaintiffs are seeking a judgment pursuant to the Native American Graves Protection and Repatriation Act ("NAGPRA) to require an inventory and thence repatriation (Pl. First Amended Compl. ¶ 2 et seq).

7. NAGPRA was signed into law by then President George H.W. Bush on November 16, 1990.

8. Plaintiffs have waited over twenty (20) years since NAGPRA was enacted into law to bring suit under NAGPRA.

9. James Francis Thorpe, a/k/a Jim Thorpe, (hereinafter referred to as "Jim Thorpe" died on March 28, 1953 in Lomita, CA.   A true and correct copy of Jim Thorpe's Death Certificate as filed in the State of California is attached as Exhibit "A".

10. At the time of his death, Jim Thorpe was married to Patricia Thorpe (See attached Exhibit "A").

11. At the time of his death, Jim Thorpe had his Last Usual Residence in Lomita, Los Angeles, CA (See attached Exhibit "A").

12. At the time of Jim Thorpe's death the right to control the disposition and remains of a deceased person vested first with the surviving spouse.  (Cal. Health & Safety Code § 7100 (1952) (See attached Exhibit "B").

13. An estate was raised in the Los Angeles Superior Court of California on May 26, 1953 (See attached Exhibit "C", the Archives of Los Angeles Superior Court for case No. LBP 25127, p.64).

14. At the time of his death, Jim Thorpe was survived by four daughters, Patricia Thorpe, Gayle Thorpe, Charlotte Thorpe and Grace Seely [Thorpe] [children of Jim Thorpe's first marriage to Iva] (See attached Exhibit "C" p. 66-67 and attached Exhibit "H", p. 17 lines 3-5).

15. At the time of his death Jim Thorpe was survived by four sons, Carl Thorpe, William Thorpe, Richard Thorpe and John Thorpe [children of Jim Thorpe's second marriage to Freeda]. (See attached Exhibit "C" p. 66-67 and attached Exhibit "H", p. 8, lines 18-19).

16. At the time of his death, Jim Thorpe was survived by his third wife, Patricia Thorpe. (See attached Exhibit "C" p. 66-67)

17. Service of Notice of the Estate was made on the William Thorpe and Richard Thorpe was certified to be made on June 15, 1953 (See attached Exhibit "C", p. 60).

18. Superior Court Judge Paul Nourse, by Order dated August 10, 1953, decreed that "the whole of the estate of James Francis Thorpe, also known as Jim Thorpe, deceased, is hereby assigned and that the title thereof shall vest absolutely in Patricia G. Thorpe, the surviving spouse of said deceased." (See attached Exhibit "C", p. 10).

19. The Probate file shows no evidence that any appeal had ever been taken to the actions of the Los Angeles Superior Court (See attached Exhibit "C").

20. Patricia Thorpe entered into an agreement dated May 19, 1954, with the Boroughs of Mauch Chunk and East Mauch Chunk that set forth terms and conditions for the renaming of the Boroughs and the interment of Jim Thorpe. A true and correct copy of the Agreement is attached as Exhibit "D".

21. As part of this Agreement the two Boroughs were to consolidate under the name "Jim Thorpe" pursuant to a vote of the electorate (See attached Exhibit "D").

22. A vote of the electorate was held and the Boroughs fulfilled all requirements of the Agreement between itself and the executrix of the Estate (See attached Exhibit "E" Sofranko Deposition, October 23, 2012, p. 25, lines 17-25; p. 26, lines 1-22).

23. Said Agreement on page two (2) indicated:

> "That said obligation shall be binding upon the first party and her heirs, administrators and executors only for so long as the boroughs of East Mauch Chunk and Mauch Chunk, parties hereto, are officially known and designated as "Jim Thorpe."
> (See attached Exhibit "D" page 2).

24. The Boroughs of Mauch Chunk and East Mauch Chunk consolidated under the name Jim Thorpe. (See attached Exhibit "E", Michael Sofranko Deposition, October 23, 2012, Sofranko Exhibit "3" to the Deposition and Exhibit "F", Deposition of William Thorpe p. 48 lines 24-25 to p. 49, lines 1-2).

25. Pursuant to the agreement Jim Thorpe was buried in the Borough of Jim Thorpe.

26. Jim Thorpe was buried at his final resting place in the Borough of Jim Thorpe in 1957 (See attached Exhibit "G", Elizabeth Ahner, Council President, Affidavit).

27. The Borough has had all street signage indicating the name of the Boroughs changed at great expense to the Borough (See attached Exhibit "G", Elizabeth Ahner, Council President, Affidavit).

28. Since the Boroughs provided suitable site, which they have done tax free for the last fifty-five (55) years, to the Borough's loss of tax revenue from real estate taxes and neither received nor paid monetary compensation, other than the interment of Jim Thorpe under the May 19, 1954 Agreement with Jim Thorpe's widow, or otherwise. (See attached Exhibit "G").

29. At its own expense the Borough has maintained the interment site including trash removal, grass cutting and snow removal for the last fifty-five years (See attached Exhibit "G").

30. The identity has been permanently changed and the Borough has lost the name of "East Chunk" and "Mauch Chunk" on mapping services but rather as the Borough of Jim Thorpe, which was a result of the reliance on the Agreement (See attached Exhibit "G").

31. The Boroughs of "East Chunk" and "Mauch Chunk" consolidated all previously separate public borough departments into one unifying borough department for the Borough of Jim Thorpe, which includes one fire department, one police department and one borough council of Jim Thorpe. (See attached Exhibit "G").

32. There has been conducted at least three (3) Indian Burial Ceremonies at Jim Thorpe's Final Resting Place, starting in the late 1950's, 1998, and 2001. (See attached Exhibit "G").

33. The Plaintiff William Thorpe admitted he never contested any action in Los Angeles Superior Court (See attached Exhibit "F", p. 51, line 5).

34. Plaintiff William Thorpe acknowledged that he was aware that his father was buried in Jim Thorpe, PA in the 1950's (See attached Exhibit "F", p. 50, line 23).

35. The Plaintiff William Thorpe first talked about a lawsuit to recover their father's body in the late 1950's and 60's, but did not bring any action due to a difference of opinion with his half sisters (See attached Exhibit "F", p 15, line 23).

36. The Plaintiff William Thorpe never brought an action under the Pennsylvania Interment Act, [9 P.S. Section 1 et seq.] (See attached Exhibit "F", p.51, line 9).

37. The Plaintiff William Thorpe was aware that an Indian ceremony was conducted in the last 1950's at his Father's burial site set up by [his half sister] Grace (See attached Exhibit "F", p. 15, line. 15).

38. Plaintiff William Thorpe visited the gravesite in the late 1960's and early 1970's (See attached Exhibit "F", p. 30, line 13).

39. Plaintiff William Thorpe had knowledge about NAGPRA since at least the early nineties. (See attached Exhibit "F", p. 34, line 11).

40. Plaintiff William Thorpe acknowledged his half sister Grace conducted a burial ceremony at the gravesite (See attached Exhibit "F", p.47, line 13).

41. Plaintiff William Thorpe discussed in the early '90's about bringing a NAGPRA action, but decided not to because of [half sister] Grace (See attached Exhibit "F", p 34, line13).

42.     Plaintiff Richard Thorpe first learned his father was buried in Jim Thorpe from reading the newspapers in the '50's-60's (See attached Exhibit "H", Deposition of Richard Thorpe, dated July 16, 2012, p.22, line 20).

43.     About 15-16 years ago [from date of deposition 1996-1997] Plaintiff Richard Thorpe and his daughter visited the burial site in Jim Thorpe, PA (See attached Exhibit "H", p. 23, line 6).

44.     The Plaintiff Richard Thorpe agreed that Patsy [Jim Thorpe's surviving wife] had the legal right to the body and the right to dispose of the body as she wished (See attached Exhibit "H", p. 25, line 22).

45.     The Plaintiff Richard Thorpe does not dispute that his half sister Grace was a judge for the Sac and Fox Nation (See attached Exhibit "H", p. 32, line 23).

46.     The Plaintiffs do not dispute that their half sister Grace conducted an Indian burial ceremony at Jim Thorpe's burial site (See attached Exhibit "F", p. 47, line 13).

47.     The Plaintiff Richard Thorpe believes that the surviving spouse has the right over the tribe to determine burial location (See attached Exhibit "H", p. 37, line 9).

48.     Plaintiff Richard Thorpe knew of NAGPRA for at least the previous ten (10) years (See attached Exhibit "H" p. 54, line 1).

49.     Grace Thorpe, William Thorpe and Richard Thorpe are members of the Sac and Fox Nation of Oklahoma (See attached Exhibit "H", p. 8 line 7; Exhibit "F" p. 10, line 11).

50.     Grace Thorpe was a leader and tribal judge with the Sac and Fox Nation (See attached Exhibit "F", p. 46, line 25, and p. 48, line 8).

51. Grace Thorpe died a couple years ago (See attached Exhibit "H", p. 25, line 17).

52. Plaintiffs failed to bring suit against the Borough of Jim Thorpe under NAGPRA until June, 24, 2010 only after they were contacted by Attorney [Steven] Ward (See attached Exhibit "H", p.14, line 17; p.15, line 11; p. 15, line 19).

53. Neither Plaintiff requested that the body of Jim Thorpe be turned over to any of the above captioned Plaintiffs prior to the June 24, 2010 Complaint filed by John Thorpe Borough (See attached Exhibit "H", p. 52, line 10 and See attached Exhibit "G").

54. The Plaintiffs are seeking repatriation to inter Jim Thorpe's body not in an Indian burial ground or where his father is buried, but at the tribal offices for security reasons (See attached Exhibit "F", p. 16, line 25).

                                    Respectfully submitted,

                                    WILLIAM G. SCHWAB & ASSOCIATES

Dated: December 31, 2012      BY:  /s/William G. Schwab
                                            WILLIAM G. SCHWAB, ESQUIRE
                                            Attorney ID #23081
                                            811 Blakeslee Boulevard Drive East
                                            Lehighton, PA 18235
                                            Ph) 610-377-5200
                                            Attorneys for Borough of Jim Thorpe

Dated: December 31, 2012      BY:  /s/Seth E. Miller
                                            SETH E. MILLER, ESQUIRE
                                            Attorney ID #311775
                                            811 Blakeslee Boulevard Drive East
                                            Lehighton, PA 18235
                                            Ph) 610-377-5200
                                            Attorneys for Borough of Jim Thorpe

Dated: December 31, 2012  BY:  /s/Vincent R. Garvey, Jr.
                                VINCENT R. GARVEY, JR., ESQUIRE
                                Attorney ID #311775
                                811 Blakeslee Boulevard Drive East
                                Lehighton, PA 18235
                                Ph) 610-377-5200
                                Attorneys for Borough of Jim Thorpe

Elizabeth Ahner, Jim Thorpe Council President, verifies that the statements made in the foregoing Statement of Facts are true and correct to the best of her knowledge and belief.  Defendant understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

_____
Elizabeth Ahner